IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARCUS SCOTT,<br>    Petitioner, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. H-06-1211 |
| | § | |
| TEXAS DEPARTMENT OF<br>CRIMINAL JUSTICE, *et al.*,<br>    Respondents. | §<br>§<br>§<br>§ | |

## **MEMORANDUM AND ORDER ON DISMISSAL**

State inmate Marcus Scott has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 complaining that he has not been awarded time credits toward his sentence. After considering the pleadings, matters of record, and the applicable law, the Court concludes that the petition must be dismissed without prejudice for failure to exhaust.

According to his petition and more definite statement, petitioner was sentenced to thirty seven years incarceration in 1989. At an unspecified point in time, he was released to parole, but the parole was revoked and he was returned to prison. Petitioner complains that following his parole revocation, his good time, work time, and bonus credits were not restored.

A petitioner seeking habeas relief under section 2254 is required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). A Texas prisoner challenging the failure to be awarded time credits toward his sentence may satisfy the exhaustion requirement by

presenting both the factual and legal substance of his claim to the Texas Court of Criminal Appeals in a state habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure. *Alexander v. Johnson*, 163 F.3d 906, 908-09 (5th Cir. 1998). However, before seeking state habeas relief under article 11.07, Texas inmates are typically required to first pursue time credit complaints through a dispute resolution process within the prison system. *See* TEX. GOV'T CODE ANN. § 501.0081. Only after such administrative relief is pursued and the inmate receives a written decision issued by the highest authority provided for in the resolution system, or if 180 days have passed without receipt of such a written decision, may the inmate then file a state application for writ of habeas corpus. *See id.* §§ 501.0081(b)(1)-(2); *Ex Parte Stokes*, 15 S.W.3d 532, 533 (Tex. Crim. App. 2000).

Petitioner admits in his more definite statement that he filed his time credit dispute resolution complaint on January 8, 2006, and that he has not received a response. He further admits that he has not sought state habeas corpus relief regarding his claim. Accordingly, petitioner has not exhausted his administrative and state court remedies, and dismissal of this federal petition for lack of exhaustion is warranted so he can fully exhaust his state remedies and then return to this Court after exhaustion has been accomplished.

This Court reminds petitioner that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. 28 U.S.C. § 2244(d). Section 2244(d)(1) sets forth the general rule that a federal habeas petition must be filed within one year after either a petitioner's conviction becomes final or the factual predicate of the claims could have been discovered through the exercise of due diligence,

whichever is later. The statute of limitations is tolled, however, while a properly filed application for state habeas review is pending. 28 U.S.C. § 2244(d)(2). Thus, petitioner is hereby cautioned to return to this Court with all due speed as soon as all state remedies have been exhausted. The Court makes no determination as to whether petitioner is barred by limitations at this time.

Petitioner's petition for habeas relief is **DENIED** and this case is **DISMISSED** without prejudice for failure to exhaust. Any and all pending motions are **DENIED AS MOOT**. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 5th day of May, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE